UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **FRANCISCO FAUSTO**, | ) | |
| | ) | |
| Plaintiff, | ) | No: 22 CV 7120 |
| | ) | |
| vs. | ) | |
| | ) | |
| **FERRARA CANDY CO.,** | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**
**AS AND FOR A FIRST COUNT OF ACTION**
**(Title VII-RACE DISCRIMINATION)**

**Nature of the Action**

1. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991 ("ACT"), for the Defendant, **FERRARA CANDY CO.,** ("FERRARA" or Defendant) having subjected Plaintiff, **FRANCISCO FAUSTO**, hereinafter ("FRANCSCO" or "Plaintiff") to race discrimination (hostile environment-disparate treatment), despite FRANCSCO complaints about same.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court is invoked 28 U.S.C. Section 1331, 1337, 1343 and 1345, 1391 (e). This action is authorized and instituted pursuant to Title VII of the Civil Rights 1964 ("ACT"), 42 U.S.C.A. §§ 2000 (e) et seq.

3. The employment practice hereinafter alleged to be unlawful and is now being committed in the Northern District of Illinois Eastern Division.

**PARTIES**

4. FRANCSCO is a Hispanic female of Mexican decent who is a resident of Hinsdale, DuPage County, Illinois.

5. FRANCSCO has been an employee of FERRARA since 1995 and performs the duties of a Mogul Production Supervisor.

6. At all times relevant, FERRARA is a corporation formed under the laws of Illinois and doing business in Illinois.

7. FERRARA is an employer within the meaning of the ACT and has been at all times material to the allegations herein.

## STATEMENT OF CLAIMS

8. This action brought against the Defendant, FERRARA having subjected Plaintiff, FRANCSCO to race discrimination by failure to treat hi, the same as non-Hispanic employees and allowing him to be subjected to racial harassment despite FRANCSCO complaints about same. FRANCSCO was also subjected to a hostile work environment while others not in his protected class were treated better.

9. Defendant by its action or actions of its agents, prior to FRANCSCO's termination, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of Plaintiff's employment and Plaintiff performance in his job by failing to treat him the same in terms and conditions of employment as non-Hispanic employees, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

10. By reason of the race discrimination and disparate treatment by Defendant, Plaintiff has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

11. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

12. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") in February 11, 2022 That charge was timely filed, under the ACT. (See Exhibit "A")

13. On September 21, 2022, Plaintiff was sent a notice from the EEOC of his right to bring this action (See Exhibit "B"), and Plaintiff timely filed this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(**TITLE VII SEX DISCRIMINATION**)

14. Plaintiff realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C. 2000(e) *et seg*., for FERRARA having subjected FRANCSCO to sex discrimination by failure to treat him the same as female employees despite FRANCSCO's complaints about same.

## STATEMENT OF CLAIMS

16. by failure to treat her the same as female employees and allowing him to be subjected to harassment despite FRANCSCO complaints about same. FRANCSCO was then subjected to a hostile work environment subjected to excessive discipline. Further, FRANCSCO's supervisor knowingly treated FRANCSCO differently than female employees whose performance which was the same as, or less than that of FRANCSCO.

17. FERRARA intentionally subjected FRANCSCO to unequal and discriminatory treatment by discriminating and allowing the harassing of FRANCSCO and holding him

3

to a higher standard of performance than female employees, including working excessive discipline.

18. By engaging in discriminatory conduct, FERRARA discriminated against FRANCSCO in violation of 42 U.S.C. 2000(e) as amended.

19. The discriminatory action of FERRARA as set forth above has caused FRANCSCO to suffer losses of earnings, and as a further proximate result of FERRARA's unlawful and intentional discriminatory actions against FRANCSCO, as alleged above, FRANCSCO has been harmed in that FRANCSCO has suffered in her position, his work environment became impaired and also his work performance.

20. As a further proximate result of FERRARA'S unlawful and intentional discriminatory actions against FRANCSCO, as alleged above, FRANCSCO has been harmed in that FRANCSCO has suffered emotional pain, humiliation, mental anguish, loss of enjoyment of life, and emotional distress.

21. All the above in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-3 *et seq*; as amended by inter alia the Civil Rights Act of 1991. 23. As a result of such discrimination and consequent harm, FRANCSCO has suffered such damages in an amount according to proof.

22. Further, said action on the part of the FERRARA was done with malice and reckless disregard for FRANCSCO'S protected rights.

### AS AND FOR A THIRD COUNT OF ACTION
### (Title VII- NATIONAL ORIGIN DISCRIMINATION)

23. FRANCSCO realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

4

24. FRANCSCO brings this action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C.A. §§ 2000e et seq., ("ACT"). venue jurisdiction under 28 U.S.C.A. § 1343 (4) and 42 U.S.C.A. § 2000e-5(f), for FERRARA, having subjected FRANCSCO to National Origin discrimination by failure to treat him the same as non-Mexican employees despite FRANCSCO'S complaints about same.

25. That FRANCSCO was treated differently than non-Mexican employees in the handling of his work environment, discipline and held him to a higher standard of performance.

26. Further, FERRARA by its action or inactions of its agents based upon FRANCSCO'S complaints in the work place about him working conditions, caused and created a hostile work environment which unreasonably interfered with the terms and conditions of FRANCSCO'S employment and FRANCSCO'S performance in his job, based upon his National Origin. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

27. Because of the National Origin discrimination of FERRARA, FRANCSCO has suffered a loss of benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

28  FERRARA's violation of FRANCSCO rights was willful.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Title VII-RETALIATION)

29. FRANCSCO realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

5

30. Defendant's agents have intentionally retaliated against FRANCSCO, based upon filing her prior complaints of harassment. Thereafter, Defendant's agents created a hostile, retaliatory and offensive work, hostile and retaliatory environment by treating him differently than other employees. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

31. By reason of this retaliation by Defendant's, FRANCSCO has suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

40. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. For injunctive relief required, including reinstatement, to make Plaintiff whole so there are no future retaliations or blocked opportunities and for any losses caused by the violations of Defendant;

3. For actual damages from wrongful discipline and compensatory damages of $300,000.00 for each count set forth above;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

6

FRANCSCO FAUSTO

BY:**/s/ Michael T. Smith**
Michael T. Smith
Trial Attorney

Michael T. Smith #6180407IL
Attorney for Plaintiff
10 N. Martingale Road
Suite 400
Schaumburg, Illinois 60173
(847) 466-1099